UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

STEPHANIE M. WU,

    Defendant.

_____/

No. CR 94-317 PJH

**ORDER DENYING PETITION FOR EXPUNGEMENT**

    Before the court is the petition of defendant Stephanie M. Wu to expunge, or, in the alternative, to seal, her criminal record. In September 1994, Wu entered a guilty plea to a charge of bank embezzlement in violation of 18 U.S.C. § 656, a Class A misdemeanor. In March 1995, Wu was sentenced to 18 months probation; 50 hours community service in lieu of a fine; and a special assessment fee in the amount of $25.00.

    Wu is now employed by SF General Hospital as a Senior Hospital Eligibility Worker, screening patients for federal, state and county program eligibility and assisting patients in applying for and enrolling in such programs. She seeks expungement of her criminal record to qualify as a "Certified Enrollment Counselor."

    "[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *U.S. v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). District courts have two sources of authority to expunge records of criminal conviction: statutory and inherent. *Id.* Specific statutes permit certain persons to seek expungement under certain conditions. *Id.* at 792-93. Aside from such statutory authority, district courts possess ancillary jurisdiction to expunge records arising from the congressional grant of original jurisdiction to hear cases

involving offenses against the United States. *U.S. v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000) (citing 18 U.S.C. § 3231).

The Ninth Circuit has held that this ancillary jurisdiction "is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.* A district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis is equitable relief. *Id.* at 1015. The power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress; for the court to expunge a valid criminal record solely for equitable considerations would be an impermissible expansion of the court's subject matter jurisdiction. *Id.* Even where a conviction has been held unlawful and vacated, expungement is a narrow, extraordinary exception that is appropriately used only in "'extreme circumstances.'" *Crowell*, 374 F.3d at 796 (quoting *U.S. v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam)). The harms to a defendant that are the "natural and intended collateral consequences" of a conviction do not present extraordinary circumstances and do not outweigh the government's interest in maintaining criminal records. *Smith*, 940 F.2d at 396.

Wu does not seek expungement under any statutory provision or rule, and has neither asserted a clerical error nor obtained a judgment that her conviction was unlawful and vacated, or otherwise invalidated. Wu presents only equitable grounds for her request to expunge her criminal record, referring to the collateral consequences of having been convicted. The court therefore lacks jurisdiction to grant Wu's expungement request. The request to expunge or, in the alternative, to seal Wu's criminal record is DENIED.

**IT IS SO ORDERED.**

Dated: April 29, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

2